## L. SHEARS v. STATE.

No. A-3713.    Opinion Filed Nov. 21, 1921.
(201 Pac. 816.)
(Syllabus.)

**Trial — Right to Clear Affirmative Instruction on Issue.** The defendant has a right to have a clear and affirmative instruction given to the jury applicable to his testimony, based upon the hypothesis that it is true, when such testimony affects a material issue in the case.

Appeal from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

L. Shears was convicted of the crime of grand larceny, and he appeals. Reversed and remanded.

Crump & De Graffenried, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Muskogee county, wherein at the November term, 1919, the defendant, L. Shears, was convicted of the crime of grand larceny and sentenced to serve a term of one year in the state penitentiary.

The Attorney General has filed a confession of error as follows:

"This was a prosecution and conviction for the crime of grand larceny, to wit, stealing a sack of brass that had been ripped out of the machinery of a cotton gin in the town of Haskell.

"The defendant, of course, denied stealing the brass, and, produced evidence, which was probably false, that he did not leave his house the night the brass was stolen, and that two men came to his place that very night and wanted to sell him a sack of brass, and that he refused to purchase it for the reason that it was nighttime. The brass was found on his premises by the officer, and his defense was that he did not

steal the brass or have anything to do with stealing it, and that the parties who came to sell him the brass left it there, without his knowledge or consent.

"Counsel for defendant offered an affirmative instruction covering his defense, which instruction told the jury that if they believed 'that some person or persons other than the defendant put the brass at his house without the defendant's connivance that the verdict should be not guilty.' This instruction states the law. The judge supplemented that instruction with the further instruction that if the brass was put there without the 'knowledge or consent' of defendant they should acquit him. Therefore it cannot be said that this instruction is harmless, because from defendant's own testimony they might infer that the person left the brass at his house with his consent, or at least his knowledge. That instruction even would have been erroneous where the charge was receiving stolen property, because to make one guilty of receiving stolen property the person must know, or have such knowledge as a reasonably prudent man would know, the property was stolen. If the court desired to instruct the jury on the law of receiving stolen property, he should have stated to them the elements of the crime.

"We therefore respectfully submit that the judgment in this case should be reversed and that same should be remanded for a new trial."

An examination of the record convinces this court that the confession of error of the Attorney General should be sustained, and for reasons stated therein the judgment is reversed and cause remanded to the trial court for a new trial, or for further proceedings not inconsistent with this opinion.

DOYLE, P. J., and BESSEY, J., concur.