[No. 3997.]

## W. R. Baker et al. *v.* The State.

1. Scire Facias—Practice—Evidence.—The defense in a scire facias proceeding upon a forfeited bail bond pleaded the general denial, and that the principal failed to appear in court because of sickness. The bail bond was not introduced in evidence by the State, and the trial judge held, in his conclusions of law, that the only issue in the case was the sickness of the principal at the appearance term, and that the bond was not necessary evidence in the case. *Held*, error. The effect of the general denial was to traverse every allegation contained in the scire facias, including the execution of the bond, and the bond was indispensable evidence to authorize a judgment for the State.

2. Same—Interpretation of the Codes.—Article 456 of the Code of Criminal Procedure can not be construed to limit the appearance of the principal before final judgment to a voluntary appearance. His appearance before entry of final judgment, whether voluntary or involuntary, requires the court to set aside the forfeiture of his bail bond, provided he shows good cause why he did not appear in court as stipulated in the bond. The trial court, therefore, erred in holding that, as the principal's appearance was compulsory, his defense of sickness could not avail him.

Appeal from the District Court of Uvalde. Tried below before A. W. Dillard, Esq., Special Judge.

The appeal in this case was prosecuted from judgment final on the forfeiture of the bail bond of A. de Gaultie, held under a

charge of swindling. The amount of the bond and judgment was twelve hundred dollars.

The statement of facts recites that the State offered no evidence. The defense proved, by the clerk of the court, that the March term, 1885, of the district court of Uvalde county began on the sixteenth day of March, 1885, and that the criminal docket was taken up on the nineteenth day of the said month; that the town of Uvalde was about three hundred miles from the city of Houston, Texas, and that A. de Gaultie appeared, under arrest, at the September term of the said court, before final judgment was rendered against him, and stood his trial for the offense described in the bail bond. By his son and his wife, and by one of the sureties on the bond, the defense proved that A. de Gaultie, the principal in the bond, was taken sick with rheumatism, in the city of Houston, Texas, on the thirteenth day of March, 1885, and was confined to his bed until about April, 1, 1885.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE. This is a scire facias case. As has been repeatedly held, the writ of scire facias serves the double purpose of a citation and a petition. Appellants answered by general denial and that their principal was sick and unable from said sickness to attend the court at the term at which the bond was forfeited. The case was tried by Anthony W. Dillard, special judge, without a jury. The bond was not introduced in evidence, and because of this the appellants insist that the judgment of the court is not supported by the evidence.

Appellants pleaded a general denial. This imposed upon the State the necessity of introducing in evidence the bond, it being the very foundation of the suit.

The learned judge in his conclusions of law holds that the only issue between the State and defendants was the truth of their answer pleading sickness of the principal. In this there was error; for, by virtue of the statute, the defendants in their answer may plead as many several matters, whether of law or fact, as they shall think necessary for their defense and which may be pertinent to the case, provided that they shall file them at the same time and in due order of pleading. (Art. 1262, Rev. Stat.) We understand the rule to be that the defendant may in-

terpose as many pertinent defenses as he pleases, if filed at the proper time and in due order of pleading. These answers may not be harmonious with one another, but this makes no difference. Now in this case appellants denied the execution of the bond, denied each and every allegation contained in the citation; hence the necessity of proof of the facts stated in the citation.

There was, to our minds, very satisfactory proof that the principal was unable to attend court at the time of the forfeiture. But the learned judge construes Article 456 to mean a voluntary return of the principal. The record shows that the principal was arrested and stood his trial before the judgment nisi was made final. This being the case, the judge held that, though he was unable to attend at the time of the forfeiture by reason of sickness, as he was arrested he did not voluntarily return, and hence his excuse of sickness could not avail.

When viewed in the light of our criminal practice, this is a monstrous doctrine. "A." is sick, unable to attend court; his bond is forfeited; alias capias issues at once; he is re-arrested. He and his sureties plead his sickness, but, as he was arrested, their plea, though true to the letter, shall not prevail. Now the true construction of Article 456 is that, whether arrested or not, if the principal shall attend before the judgment nisi is made final, with sufficient showing why he did not appear before the forfeiture was taken, he is entitled to have the forfeiture set aside.

For the errors above mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*