STATE OF IOWA v. ALEXANDER SANDY, Appellant.

**Bail:** SURRENDER OF DEFENDANT. Technically speaking bail is a surrender of the accused into the friendly custody of the sureties on his bond, who become bailees or custodians of his person; and the sureties may be exonerated by a surrender of the accused to the authorities at any time before forfeiture of the bond, and possibly at any time before judgment.

**Same:** FORFEITURE OF BOND: EXCUSES. The purpose of the bail bond is to secure the attendance of defendant upon court rather than to profit by its breach, and for this reason a defendant may excuse a forfeiture of the bond for good cause shown and his sureties will be exonerated if he is produced in execution of the judgment; but neither the fact that defendant forgot the date he was to appear; that he had no money to get from his residence to the place of trial and could borrow none; nor, that he was ill at the time, no showing being made that the nature of his sickness prevented his attendance, constitutes a sufficient excuse to obviate the forfeiture of the bond.

**Same:** APPEAL: MATTER NOT PRESENTED BELOW. The fact that a defendant appeared and pleaded guilty and was sentenced after forfeiture of his bond, will be given no consideration on appeal, where the same was not made a ground of the motion in the trial court to have the entry of forfeiture set aside.

*Appeal from Clay District Court.*— HON. A. D. BAILIE, Judge.

MONDAY, JUNE 8, 1908.

APPEAL from an order refusing to set aside an entry forfeiting bail bonds of defendant.— *Affirmed.*

*Cory & Bemis,* for appellant.

*H. W. Byers,* Attorney General, *C. W. Lyon,* Assistant Attorney General and *Fred Kirkpatrick,* for the State.

LADD, C. J.— Two indictments, one charging forgery, and the other uttering the forged instrument, were returned against defendant April 11, 1906. To secure his release from custody he executed two bail bonds of $500 each, wtih L. D. Slater and A. Cohen as securities. At the August, 1906, term of court the causes were continued at defendant's request, and set down for trial on the 4th day of the October term. Witnesses were subpœnaed to attend at that time; but defendant having applied for a postponement of the trial, owing to his failure to secure the attendance of a witness, it was put off until the week following. The jury was impaneled and excused until the time fixed for trial. Defendant failed to appear then, but did so soon after the jury had been discharged, and, upon excuses then presented, forfeiture of his bond was waived, and the causes set down for the first day of the January, 1907, term of court. When they were reached for trial January 30th, the defendant again failed to appear, and an entry, forfeiting the bail in each case, was made. On February 7, 1907, defendant filed a motion to set aside the entry of forfeiture on the grounds (1) that he had fallen into a coal chute about two weeks previous, injuring his back so that he was " sick and unable to get out "; (2) that he had forgotten the date, and did not receive his attorney's letters advising thereof; (3) that he was absolutely without means to pay his railroad fare from Des Moines, where he lived, to Spencer, and was unable to borrow enough money for that purpose; (4) that he was in Des Moines at all times, and as soon as notified by his bondsmen tried to get money to go, but failed; and (5) that he is now in court making his application. The point presented is whether these grounds, in so far as supported by affidavits, " satisfactorily excuse " defendant's failure to appear on the day the cause was assigned for trial.

Technically considered, bail is the delivery of a person to the sureties on his bond, he being supposed to continue in their friendly custody instead of jail; so that the sureties

on the bail bond become the bailees or custodians of the
person of their principal, and may at any
time, before the entry of forfeiture or possi-
bly, judgment, be exonerated by his surrender
as provided by statute. Sections 5528, 5529, Code. *Bear-
den v. State,* 89 Ala. 21 (7 South. 755).

1. BAIL: sur-
render of de-
fendant.

The purpose is to assure his attendance on court as
required, rather than to profit by the breach of the bond.
For this reason the defendant is permitted to excuse, if he
can, his failure to be in attendance on court
as ordered (section 5516, Code), and the
sureties on the bond will be discharged, and
their undertaking exonerated, " if the defendant is produced
in execution of judgment of imprisonment or commitment
for a fine " (section 5519, Code). Taking up the several
excuses presented, we have to say that forgetting the date
when he was required to appear cannot be accepted as an
excuse. Forgetfulness, when the duty of remembering ex-
ists, is never a sufficient ground for setting aside a default.
Sickness is a sufficient excuse, if of such a nature as to pre-
clude attendance on court. *Chase v. People,* 2 Colo. 481;
*Russell v. State,* 45 Ga. 9. Defendant, though claiming to
have been sick, does not pretend that his sickness was of
such a character as to prevent him from being at court the
day his case was set for trial.

2. SAME: forfeit-
ure of bond:
excuses.

The remaining excuse is that he had no money to pay
railroad fare to Spencer, but he offers no explanation of how
this came about, or of an emergency through which he was
deprived of the means which he had the right to rely on in
going to the place of trial. The bare statement of want of
money and inability to borrow can no more be accepted
as an excuse than forgetfulness of the date. It was de-
fendant's duty to provide himself with the necessary needs
to return to the place of trial, or else remain where he
could be called. The bondsmen were advised of his situa-
tion, and on their own showing made no effort to assist him.

That he had been in Des Moines all the time afforded no excuse for not being in attendance on court at Spencer, nor did the fact that he subsequently appeared there. *State v. Emily*, 24 Iowa, 24.

The motion of the bondsmen is substantially like that of defendant. The showing that, though knowing defendant's whereabouts, they took no action, save to talk with him when he informed them of his want of means, until five days later furnishes no excuse. We are of the opinion that, in refusing to set the entry of forfeiture aside, the court did not abuse its discretion. True the defendant pleaded guilty to each indictment, withdrawing his plea of not guilty February 13, 1907, and, on the day following, concurrent sentences to the penitentiary were pronounced; but this was not made a ground of either the motion of the defendant or of the sureties on his bond, though the motions were ruled on several days afterwards. So that whether the undertakings of the sureties were exonerated by virtue of section 5519 of the Code was not raised in the district court, and is not properly before this court.— *Affirmed.*

3. Same: appeal: matter not presented below.