[No. 18187.    Department One.    December 7, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS
OLSON *et al., Appellants.*[1]

BAIL (9)—FORFEITURE—VACATION—STATUTES—POWER OF COURT—
DISCRETION. The refusal to vacate, in its entirety, the forfeiture of a
bail bond, upon the return of the principal into custody, will not be
disturbed on appeal except for manifest or flagrant abuse of discre-
tion; and none appears, where the court refused to vacate the for-
feiture of one half of the cash bail which had been paid over to the
state (TOLMAN, J., dissenting).

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered June 25, 1923, re-
fusing to vacate, in its entirety, the forfeiture of cash
bail, upon surrender of a prisoner convicted of crime.
Affirmed.

*Fred M. Bond,* for appellants.

*John I. O'Phelan* and *A. D. Gillies,* for respondent.

MACKINTOSH, J.—In May, 1922, the appellant Thomas
Olson was convicted of a crime and appealed to this
court, his bail being fixed at $500, which amount was
deposited in cash by the appellant H. P. Olson, the
father of Thomas. In this court the conviction was
affirmed and the remittitur was filed with the clerk of
the superior court of Pacific county on November 25,
1922. On February 5, 1923, judgment was rendered
forfeiting the bail and ordering the $500 to be im-
mediately paid to the county treasurer, which was done
on the same day, and on that day the county treasurer
forwarded $250 thereof to the state treasurer, under
the provision of the law that in such cases one-half of
the bail forfeited shall be delivered to the state trea-
surer and become a part of the state school fund.

[1]Reported in 220 Pac. 776.

Section 4940, Rem. Comp. Stat. [P. C. § 5109]. From December 14, 1922, until the 28th of March following, Thomas Olson was in the custody of the Federal authorities in Oregon and consequently could not be returned to Pacific county, but on the latter date the appellant H. P. Olson procured his son's release from such authorities and persuaded him to return to Pacific county and deliver himself up to serve his sentence under the judgment of conviction.

Upon delivering his son to the authorities of Pacific county, H. P. Olson for the first time discovered that the judgment forfeiting the bail had been entered. He petitioned the court for an order vacating that judgment and the return of the bail money. Upon the hearing, the court vacated the judgment to the extent of $250, the amount still in the county treasury, less the expense which the authorities had been put to, amounting to ten dollars.

This appeal is prosecuted upon the claim that the court should have vacated the entire forfeiture and ordered the sum of $500 repaid. Under §§ 2231, 2232 and 2233, Rem. Comp. Stat. [P. C. §§ 9347, 9348, 9349], provision is made for the forfeiture of bail and for the setting aside of forfeiture upon production of the defendant, and providing for a stay of sixty days after the forfeiture in the event a new bond is put up and during such time the fugitive is returned. No such stay bond was furnished here; the bondsman, according to the testimony, not having known of the forfeiture of the money.

The return of the bail is made to rest, in the code, upon such terms as shall be just and equitable, and this court in *State v. Johnson*, 69 Wash. 612, 126 Pac. 56, and *State v. Jackschitz*, 76 Wash. 253, 136 Pac. 132, has said that the order of the court "will not be re-

versed on appeal except for a manifest abuse of discretion," following the general rule as announced in 3 R. C. L. 63, to the effect that in "the absence of evidence of flagrant abuse the appellate court will not interfere." While it might have been entirely proper and even more appropriate to have set aside the entire forfeiture, still, this court cannot say that there was a "manifest" or "flagrant" abuse of discretion. Recognizing the encouragement which the law accords to the giving of bail and the return of fugitives to serve their sentences, and the encouragement which should be afforded vigilant and thrifty bondsmen in assisting in the thorough administration of the law's penalties, still, as we have indicated, the return of the bail money is a matter in which the trial court has a wide latitude for the exercise of its judgment, and we are not prepared to say that it was improperly exercised in this case.

The order vacating the judgment of forfeiture in this case, however, should have provided that the bondsman, H. P. Olson, was entitled to the return of the $240, so that there would be no question of his rights in the event of the necessity of presenting a claim to the county for that amount.

The judgment as modified in this last respect is affirmed. The appellants will recover their costs here.

MAIN, C. J., PARKER, and HOLCOMB, JJ., concur.

TOLMAN, J. (dissenting)—I cannot concur in that part of the majority opinion which holds that there was no manifest abuse of discretion in setting aside the forfeiture as to one-half only of the bail money. The question of setting aside a forfeiture is always to be determined upon the diligence or want of diligence, and like matters affecting the conduct of the bondsmen. By its order vacating the forfeiture, the trial court

found in this case that the bondsman had been diligent and was therefore entitled to relief. If entitled to relief, the mere fact that granting the relief to which he was entitled might entail hardship on the county is not a matter to be considered. The allowance of the expense incurred by the county in the matter, after the forfeiture and before the application to set aside, was a proper exercise of the trial court's discretion, but the refusal to vacate as to one-half of the amount of the bond because one-half of the cash bail had been transmitted to the state treasury was not a matter for which the bondsman was in any way responsible, and therefore not a proper subject for the exercise of discretion. I therefore dissent as to that part of the judgment.