STATE, Respondent, v. CARL MOULTRIE, Appellant.

[254 Pac. 520.]

CRIMINAL LAW—INVOLUNTARY MANSLAUGHTER—INSTRUCTIONS.

1. The first part of an instruction on prosecution for involuntary manslaughter, defendant having suddenly and without signal changed the direction of his automobile, causing death of a person in an automobile following and attempting to pass, as a proper statement, applicable to defense that he swerved on seeing a dangerous electric wire directly in his path, of right to act

Argument for Appellant.

in an emergency to protect himself, *held* nullified by the last part, stating that automobile driver must at all times have regard for safety of other person on the highway.

2. Though exception was not taken to instruction, it may be reviewed, an instruction in conflict with it having been given at request of the state, so that, under C. S., sec. 9012, exception thereto was not necessary.

3. In a homicide case where defendant's liberty is at stake, he should not be precluded from review of an erroneous instruction because of inadvertence of counsel in not excepting thereto.

4. Conviction in involuntary manslaughter case will be reversed and new trial granted, where the jury could have understood the instructions to require a conviction, under the law, although they believed defendant's evidence of having turned his automobile to the left without signal in an emergency to save himself from a dangerous electric wire directly in his path.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Carl Moultrie was convicted of involuntary manslaughter, and he appeals. *Reversed,* and new trial granted.

D. L. Rhodes and E. G. Elliott, for Appellant.

Instructions that are inconsistent, misleading, conflicting or incorrectly state the law furnish grounds of reversal. (*State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *State v. Webb,* 6 Ida. 428, 55 Pac. 892; *People v. Ross,* 19 Cal. App. 469, 126 Pac. 375; *State v. Thompson,* 31 Utah, 228, 87 Pac. 709; *Carpenter v. McKissick,* 37 Ida. 729, 217 Pac. 1025.)

Instructions Nos. 11, 12, 14 are not merely erroneous but are fundamentally wrong and prejudicial, and for that reason, in order to take advantage of them, it is not necessary

Publisher's Note.

3. See 2 R. C. L. 94.

See Criminal Law, 17 C. J., sec. 3345, p. 82, n. 82, 93 New; sec. 3688, p. 340, n. 68.

Homicide, 30 C. J., sec. 616, p. 364, n. 83, p. 365, n. 83; sec. 690, p. 438, n. 40.

Negligence, 29 Cyc., p. 521, n. 43, 45.

that an exception be taken thereto. (C. S., sec. 9191; *Humphrey v. State,* 8 Okl. Cr. 449, 128 Pac. 742; *State v. Marren,* 17 Ida. 766, 107 Pac. 993; *People v. Cummings,* 57 Cal. 88; *People v. Ah Loy,* 57 Cal.' 566; 17 C. J. 64, 340; *McCullom v. State* (Okl. Cr.), 209 Pac. 781.)

A person confronted with an emergency is not bound to have due regard for the rights of others and may take such action as may seem best and proper to him at the time. (*Wheeler v. Oregon R. & Nav. Co.,* 16 Ida. 375, 102 Pac. 347; *Hill v. Winslow,* 118 Mass. 251; *Tozier v. Haverhill & A. St. Ry. Co.,* 187 Mass, 179, 72 N. E. 953; Wharton's Crim. Law, 11th ed., secs. 126, 127; 13 R. C. L., sec. 111, p. 806; Clark & Marshall on the Law of Crimes, 2d ed., sec. 82, p. 191; *Rhodes v. Firestone Fire & Rubber Co.,* 51 Cal. App. 569, 197 Pac. 392; *Harris v. Parks,* 58 Utah, 42, 196 Pac. 1002; *Hines v. Sweeney,* 28 Wyo. 57, 201 Pac. 165; *Reinders v. Olsen,* 60 Cal. App. 764, 214 Pac. 268; Huddy on Automobiles, 6th ed., secs. 286, 364, 377; Beale's Cases, 361; *Zipperian v. People,* 33 Colo. 134, 79 Pac. 1018.)

Defendant was entitled to have instructions given, which were requested covering his theory of the case, whether requested or not. (*Miller v. State,* 146 Ala. 686, 40 So. 342; *Cox v. State,* 116 Ark. 588, 173 S. W. 187; *Thompson v. State,* 143 Ga. 268, 84 S. E. 587, 591; *Yarbrough v. State,* 13 Okl. Cr. 140, 162 Pac. 678; Michie on Homicide, sec. 304.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant, for Respondent.

A deviation from one side of the road to the other or from one side across the center of the road is a turn or change of course within the meaning of the statutes governing the driving of automobiles upon the highways of this state. (Sec. 1, subsec. 6, chap. 249; Laws 1921; *Carpenter v. McKissick,* 37 Ida. 729, 217 Pac. 1025; *Cupples Mercantile Co. v. Bow,* 32 Ida. 774, 24 A. L. R. 1296, 189 Pac. 48.)

If a person is violating the statutes governing the driving of automobiles upon the highways of this state, and such

violation results in the death of another, such person is guilty of manslaughter. (Sec. 8214, C. S., as amended by chap. 155, Laws 1921; *Cupples v. Bow, supra; State v. Schaefer,* 96 Ohio, 215, 117 N. E. 220, L. R. A. 1918B, 495; *Lauterbach v. State,* 132 Tenn. 603, 179 S. W. 130; Huddy on Automobiles, sec. 758, p. 981; *State v. Goetz,* 83 Conn. 437, 76 Atl. 1000, 30 L. R. A., N. S., 458; *State v. Long,* 7 Del. (Boyce) 397, 108 Atl. 36; *Held v. Commonwealth,* 183 Ky. 209, 208 S. W. 772; *Schultz v. State,* 89 Neb. 34, Ann. Cas. 1912C, 495, 130 N. W. 972, 32 L. R. A., N. S., 403; *People v. Townsend,* 214 Mich. 267, 16 A. L. R. 902, 183 N. W. 177.)

All the instructions must be considered together, and although an individual instruction, standing alone, would appear to be improper, if the instructions as a whole correctly state the law, the judgment will be affirmed. (*State v. Cosler,* 39 Ida. 519, 228 Pac. 277; *State v. Sayko,* 37 Ida. 430, 216 Pac. 1036.)

While a conviction for a crime cannot be had unless the *corpus delicti,* that is, the fact that a crime has been committed, is first established, this may be done by circumstantial evidence where such evidence is sufficient to exclude all uncertainty. (*State v. McLennan,* 40 Ida. 286, 231 Pac. 718.)

Where an act of defendant is not only in violation of statute, but is also negligent and careless, there is no conflict in the decisions as to his guilt of manslaughter if the death of another results.) *State v. McIvor* (Del.), 111 Atl. 616; *State v. McIver,* 175 N. C. 761, 94 S. E. 682; *People v. Barnes,* 182 Mich. 179, 148 N. W. 400; *Schultz v. State,* 89 Neb. 34, Ann. Cas. 1912C, 495, 130 N. W. 972, 33 L. R. A., N. S., 403; *People v. Camberis,* 297 Ill. 455, 130 N. E. 712; *State v. Goldstone,* 144 Minn. 405, 175 N. W. 892.)

Where there is a conflict in the evidence, if there is substantial evidence to support the verdict, it will not be disturbed on appeal. (*State v. Shepard,* 39 Ida. 666, 229 Pac. 87; *State v. Bouchard,* 27 Ida. 500, 149 Pac. 464.)

43 Idaho—49

BUDGE, J.—Appellant was convicted of involuntary manslaughter. The information charged him with wilfully, knowingly, unlawfully, intentionally and feloniously operating a motor vehicle upon a public highway and driving said motor vehicle in a negligent and reckless manner and without due caution and circumspection, in that when overtaken by a motor vehicle driven by one Stemper, and after Stemper had signaled his intentions to pass appellant and had turned over to the left side of the highway in attempting to pass, appellant increased his speed and turned and drove his automobile past the left center of the highway and in front of the automobile driven by Stemper, forcing it off the highway and into the gutter and causing it to overturn and thereby mortally wounding one William DeMasters, an occupant of the car driven by Stemper, resulting in DeMasters' death.

The evidence shows that on August 31, 1924, at about noon, appellant was driving his car upon the highway between Caldwell and Nampa, proceeding at a speed of from 25 to 30 miles an hour. The car in which deceased was riding was behind appellant's car and had approached to a point where it was about to pass the same, when the car driven by appellant swerved abruptly to the left, the right front fender of the car in the rear striking the left rear fender of appellant's car, whereupon the driver of the car attempting to pass pulled it over farther to the left and it went off the road, turned over and pinned DeMasters underneath it, causing injuries from which he died.

Appellant's defense was based upon testimony to the effect that just prior to the collision of the cars he glanced up and saw an electric wire come looping down in the road directly in the path of his car, and that he pulled his car quickly to the left in order to avoid contact with the wire.

It is urged by appellant that the trial court erred in giving that portion of instruction No. 11 wherein the jury were advised that the driver of an automobile must at all times have regard for the safety of other persons upon the high-

way. Also, that the trial court erred in giving instruction No. 12, wherein the jury were told that an operator intending to turn his vehicle to the left shall extend his arm in a horizontal position for a reasonable length of time and slow down; and, further, that in instruction No. 14 the jury were erroneously instructed that it is the duty of the driver of any vehicle on the public highway, when about to turn, either from a standstill or while in motion, to give timely signal visible to operators of other vehicles to the rear of his intention to turn or change his course, such signal to be given either by the use of the hand and arm or an approved mechanical or electrical device.

It is contended that these instructions were fundamentally wrong and prejudicial to the rights of appellant, and that under the theory of appellant's defense, where he was suddenly confronted with a dangerous obstacle, he might act in the emergency in order to protect his life and the lives of others in his car without observing the ordinary rules, but that his right so to act was entirely wiped out by the instructions complained of, and the jury were not permitted to consider such theory.

Two distinct theories were presented for the consideration of the court and jury upon the trial. It was the theory of the state that appellant drove his car in a manner that a careful and prudent man would not have done, and without due caution and circumspection, which resulted in the homicide. Appellant's theory was that DeMaster's death resulted from an accident occasioned by a collision of the car in which the deceased was riding with the car driven by appellant, when the latter turned his car to the left in an emergency, to avoid coming in contact with a dangerous obstacle, or what appeared to him to be a dangerous obstacle, and that he acted as a reasonably prudent man would have acted under like circumstances, in order to save himself and others in his car from death or great bodily injury; and that in view of the circumstances he was not called upon to have regard for other persons upon the highway, or that before turning to the left the duty rested upon him, under the

law, to extend his arm in a horizontal position for a reasonable length of time and slow down or to give timely signal by the use of an approved mechanical or electrical device.

[1] There was no instruction given by the trial court upon the theory of appellant's defense as presented upon the trial, except it is urged that instruction No. 11 covered it. That instruction was to the effect that if the driver of an automobile is suddenly confronted with a dangerous obstacle, or what might appear to the mind of a reasonably prudent and careful man to be a dangerous obstacle, in the highway, he would be justified in turning his car a sufficient distance to avoid a collision with such obstacle, but that he must have regard at all times for the safety of all other persons upon the highway. Clearly, the last part of this instruction nullifies its effect as a proper statement, applicable to appellant's defense, and eliminated from consideration by the jury the right of appellant to act in an emergency in order to protect himself,—requiring him instead to protect all others upon the highway.

Further emphasis was given to the erroneous exposition of the law applicable in such a case and under the defense of appellant by instructions Nos. 12 and 14, hereinbefore referred to, and although the jury could have believed the evidence on appellant's behalf, still, under these instructions, it was bound to convict him.

It is urged by the state that instruction No. 20 cured the objections to instructions Nos. 11, 12 and 14, but an examination of instruction No. 20 does not bear out this contention. On the contrary, the jury were advised in instruction No. 20, in effect, that if they found that at the time of the accident appellant *was* violating some law of the state (having reference, no doubt, to the court's erroneous conception of the law applicable to the facts of the case, as announced in the instructions above referred to), appellant should be found guilty.

Clark & Marshall on the Law of Crimes, 2d ed., sec. 82, p. 123, announces the following principle:

"An act which would otherwise be a crime may be excused if the person accused can show that it was done only in order to avoid consequences which could not otherwise be avoided, and which, if they had followed, would have inflicted upon him, or upon others whom he was bound to protect, inevitable and irreparable evil; that no more was done than was reasonably necessary for that purpose; and that the evil inflicted by it was not disproportionate to the evil avoided."

In *Wheeler v. Oregon R. R. etc. Co.*, 16 Ida. 375, 102 Pac. 347, it was said in the course of the opinion:

"It is a well-recognized rule of law that when a person is placed in the position of apparent peril or danger without time to consider the circumstances, and in an effort to avoid such danger steps in the way of another danger or peril, the fact that the person does not make the most judicious choice does not render such person guilty of contributory negligence.

"It is stated in Shearman & Redfield on Negligence, 4th ed., sec. 89, as follows:

" 'In judging of the care exercised by the plaintiff, reasonable allowance is always made for the circumstances of the case; and if the plaintiff is suddenly put into peril, without having sufficient time to consider all the circumstances, he is excusable for omitting some precautions or making an unwise choice, under this disturbing influence.' "

The rule is well established that when one is required to act suddenly and in the face of imminent danger, he is not required to exercise the same degree of care as if he had time for deliberation and the full exercise of his judgment and reasoning faculties. (29 Cyc. 521; *Hines v. Sweeney*, 28 Wyo. 57, 201 Pac. 165; *Harris v. Parks*, 58 Utah, 42, 196 Pac. 1002.)

[2, 3] It is contended that instruction No. 11 is not subject to review in this court for the reason that no exception was taken thereto. Instruction No. 14, however, in conflict with instruction No. 11, was given at the request of the state and, under the statute, C. S., sec. 9012, need not have been

excepted to. We are, therefore, privileged to review instruction No. 11, but even conceding that no exception was taken or saved thereto, we are not without precedent in homicide cases to review the instructions, and if found erroneous and prejudicial, grant a new trial. (*State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690.) Mere inadvertence of counsel to except should not preclude a defendant with liberty at stake, from claiming the right of fair trial. (*State v. Foyte, ante,* p. 459, 252 Pac. 673.)

[4] Appellant was entitled to have the jury instructed fully and fairly upon the defense raised by him, with the court declaring the law applicable thereto without qualification, whereas it appears that the court presented to the jury abstract propositions of law concerning the duties and responsibilities of the driver of an automobile under ordinary conditions and in the absence of any emergency or imminent danger such as testified to on behalf of appellant. In this connection it might be said that the court further erred in refusing to give, substantially, appellant's requested instructions Nos. 4 and 5. We do not approve these instructions, but in view of the instructions given and criticised, appellant was entitled to have these requested instructions, or others of similar description, given as presenting his theory of the case. It would, of course, be for the jury to determine, under all of the evidence, whether or not any emergency did, in fact, exist.

We are convinced, from a careful study of the record, that appellant did not have a fair and impartial trial, particularly in view of the erroneous instructions above referred to, which instructions presented the state's theory only, and could well be said to have left the jury in a state of mind more readily directed against appellant, by reason of the unfortunate result following the accident. The jury could well have said, and been within the instructions, that, although the evidence adduced on behalf of appellant were true, the law demanded a conviction. The language used by the court in *Hendrey v. United States,* 233 Fed. 5, 18, 147 C. C. A. 75, 88, has application to the case at bar:

"The respondents in a criminal case, no less than the parties in a civil case, are entitled of right to have clearly stated to the jury each distinct and important theory of defense, so that the jury may understand that theory and the essential rules applicable to it."

It is a well-settled principle of law that, though the court may not believe the testimony of a defendant and witnesses corroborating him, the solemn duty rests upon the court to instruct the jury as fairly and impartially upon the theory of the defense as upon the theory of the prosecution. This the court failed to do in the instant case.

The action against appellant was predicated upon the doing of a lawful act in an unlawful manner, without due care and circumspection. In such circumstances no undue advantage should be taken, and where there is a doubt as to the correctness of the court's instructions involving a substantial right of the appellant, that doubt should be resolved by this court in appellant's favor, and the judgment of conviction reversed and a new trial granted. It is so ordered.

Givens and T. Bailey Lee, JJ., concur.

Wm. E. Lee, C. J., and Taylor, J., dissent.