## L. H. DISMORE v. STATE.

No. A-8764.    May 3, 1935.
(44 Pac. [2d] 894.)

R. L. Christian, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tillman county of stealing an automobile and sentenced to serve five years in the state penitentiary.  The evidence is that on the night of December 12, 1933, a Chevrolet coach, belonging to one Smith, was stolen from the streets of Frederick.  About 9 o'clock that night defendant left Frederick in this car with one Crockett Fallin.  Early the next morning they were pulled out of the bed of the North Fork of Red river where the car had stuck.  When towed out of the river bed defendant was at the wheel and the car was towed to the premises of a tenant of defendant by a team that he had been using.  Later the car was run off a bluff, turned over and there dismantled by one Floyd Herring under an arrangement with defendant that the salvaged parts be sold and the proceeds divided.  Herring went to the place to dismantle the car and found defendant had already removed some casings and other parts; the inference being that they were taken by Herring and defendant to Lawton and sold.  When defendant was found in possession of this car, he told the sheriff he did not know anything about it, but later contradicted this statement.  The defense is that defendant's connection with transporting the car was entirely innocent; that he did not know the car was stolen until in the afternoon of the day after it was taken and after the asportation was complete; that a week before he had talked with Fallin about getting a car with which to do some work for de-

fendant; that he arranged with Fallin at Frederick to take him to his place in the country. He admitted substantially the other facts stated. Defendant previously had been twice convicted for grand larceny and had served terms in the penitentiary; Fallin had also served a term in the penitentiary.

The first contention is that the evidence is insufficient. As hereinbefore summarized, the evidence is mainly circumstantial, but the proved and admitted facts are sufficient under the general rule that where there is competent evidence from which a jury may reasonably and logically arrive at the guilt of one accused of crime, this court will not weigh the evidence. It is generally said that possession of recently stolen property is not of itself sufficient to sustain a conviction, but is only a circumstance to be considered along with the other facts and circumstances; that unexplained possession creates an inference of guilt, which, with other incriminating circumstances, may be sufficient to warrant conviction. The evidence that defendant left Frederick in the nighttime in this stolen car, with other circumstances narrated, is sufficient to sustain the conviction.

Complaint is next made that there is no proof of venue in Tillman county, it being the theory of defendant that he had no knowledge the car was stolen until the next day when it was in Jackson county. So far as the evidence is concerned, defendant's connection with the asportation of the car from Frederick to the place where it was wrecked is a sufficient proof of venue in Tillman county, although defendant denies he then knew the car was stolen and believed Fallin was rightfully driving it. This was a question of fact for the jury, and if the case were otherwise free from error, the verdict would

be upheld, since venue need not be proved beyond a reasonable doubt. Ward v. State, 13 Okla. Cr. 81, 162 Pac. 232; Jentho v. State, 19 Okla. Cr. 434, 200 Pac. 251.

The most serious question is that the court erred in his instructions to the jury, particularly in No. 4. The defendant requested instructions, in substance, that if they should find from the evidence, beyond a reasonable doubt, that defendant knew nothing of the larceny of the car, and did not aid, abet or participate in the taking and had nothing to do therewith, they should acquit him. This part of the request the court gave. Defendant further requested the court to instruct if they should find that defendant, after the act of taking and transporting said property was complete, had salvaged and sold a part thereof, such fact would not render him guilty of larceny. This request was denied, but in No. 4 the court instructed the jury as follows:

"But should you find that the defendant had knowledge that said car had been stolen and with such knowledge in his possession, thereafter participated in, or aided, abetted, assisted or advised in the dismantling of said car and disposing of the parts derived from said dismantling; then it will be your duty to return a verdict of guilty as charged."

This instruction does not cover the defendant's theory, which is that he had no knowledge of the theft of the car until after the asportation had ceased. A defendant is entitled to affirmative instruction applicable to his testimony based upon the hypothesis that it is true, when his testimony affects a material issue of the case. Shears v. State, 20 Okla. Cr. 193, 281 Pac. 816. The refusal of the requested instruction was error.

This giving of that part of No. 4 above quoted is also error. The larceny of property does not deprive the owner

of the legal right of possession, and until the asportation has terminated the larceny is a continuing offense, and when the property is taken in one county and carried into or through other counties, a prosecution may be had in any county into which or through which the property is taken. Bivens v. State, 6 Okla. Cr. 521, 120 Pac. 1033; Howard v. State, 9 Okla. Cr. 337, 131 Pac. 1100; Reed v. State, 22 Okla. Cr. 141, 210 Pac. 311. If the defendant was concerned with the original taking or knowingly aided or abetted in the taking or the asportation, he would be equally guilty with the taker and he may be prosecuted in either Tillman, Kiowa, or Jackson county. By instruction No. 4, however, the jury are told that the mere knowledge by defendant that the car had been stolen, if he then should assist, advise or abet in dismantling the car and disposing of the parts, he would be guilty of the larceny in Tillman county. This is not the law. Under this instruction the jury may have believed defendant's testimony that he did not know that the car was stolen until after the asportation was complete, and then, if with such knowledge, he aided in removing and selling some of its parts, he would be guilty of the original larceny. After a larceny has been completed and the asportation terminated, one who has not participated in, nor aided or abetted the larceny or the asportation, but who then, with knowledge that the property has been stolen, aids in secreting, selling, destroying, or dismantling the stolen property, is not guilty of the larceny. Pass v. State (Ariz.) 267 Pac. 206; Tucker v. State (Tex. Cr. App.) 2 S. W. 893; Boyd v. State (Tex. Cr. App.) 6 S. W. 853; People v. Disperati (Cal. App.) 105 Pac. 617; Reed v. State, supra; Vann v. State, 21 Okla. Cr. 298, 207 Pac. 102. The case is reversed.

DAVENPORT, P. J., and DOYLE, J., concur.