843 P.2d 151

**In the Matter of the Order Denying Movant Bail Bond Unlimited's Motion to Exonerate Bond.**

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Roy Claire RUPP, Defendant.**

**Bail Bond Unlimited, Real Party in Interest—Appellant.**

**No. 19283.**

Supreme Court of Idaho,
Lewiston, October 1992 Term.

Nov. 23, 1992.

Robert J. Van Idour, Lewiston, for appellant.

Larry EchoHawk, Atty. Gen., and Michael Henderson, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

JOHNSON, Justice.

This is a bail bond forfeiture case.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Following Roy Rupp's appeal of his conviction on drug charges, the trial court admitted Rupp to bail and required Rupp to post a $25,000 bond pending the appeal. Rupp obtained an appellate bail bond (the bond) from Bail Bond Unlimited (Bail Bond).

We assigned the case to our Court of Appeals, which vacated Rupp's conviction and remanded the case to the trial court for a new trial. Following remand to the trial court, Rupp failed to appear for a scheduled hearing and the state moved to forfeit the bond, which the trial court ordered. The trial court sent notice of the forfeiture to Bail Bond giving Bail Bond ten days to produce Rupp.

When Rupp did not appear before the trial court within ten days, Bail Bond moved under I.C.R. 46(e)(4) to exonerate the bond or set aside the forfeiture. Bail Bond claimed that the bond should be considered voidable by Bail Bond because Rupp obtained the bond by fraud and also that the terms of the bond were met before forfeiture, because the bond terminated when the Court of Appeals vacated Rupp's conviction.

The trial court denied Bail Bond's motion. The trial court held that any fraud by Rupp in obtaining the bond was not a ground for exonerating the bond and that the express terms of the bond and I.C. § 19–2906 required Bail Bond to insure Rupp's attendance on proceedings after remand. Bail Bond appealed the trial court's decision.

The state has moved to dismiss the appeal on the ground that there is no final order that is appealable. The Court reserved decision on the motion until after oral argument.

## II.

### THE TRIAL COURT'S ORDER REFUSING TO EXONERATE THE BAIL BOND IS AN APPEALABLE ORDER.

The state asserts that the order of the trial court denying Bail Bond's motion to exonerate the bond is not an appealable order under the our appellate rules. We disagree.

This question is easily resolved by reference to *State v. Fedder*, 76 Idaho 535, 285 P.2d 802 (1955). In *Fedder*, in considering the question of the forfeiture of a bail bond, the Court said: "The acts of the trial court in forfeiting the undertaking and in refusing, upon application, to discharge such forfeiture except upon terms, resulted in a final order or judgment from which an appeal would lie." *Id.* at 542, 285 P.2d at 806.

In *Fedder*, the Court referred to I.C. § 13–201 as authority for this proposition. In 1955, I.C. § 13–201 prescribed what decisions of a district court in a civil action

could be appealed to this Court. In 1977, the statute was amended to provide that orders and judgments in civil actions are appealable as prescribed by rule of this Court. The trial court's order denying exoneration of the bond in this case was a final order in a civil action within the scope of I.A.R. 11(a)(1).

Although in its notice of appeal, Bail Bond asserted the appealability of the order under I.A.R. 11(a)(2), this incorrect reference is not fatal to the appeal. I.A.R. 21 (filing a notice of appeal within the time prescribed is the only jurisdictional requirement).

## III.

### THE TERMS OF THE BOND EXTENDED BAIL BOND'S LIABILITY ON THE BOND UNTIL RUPP APPEARED BEFORE THE TRIAL COURT ON REMAND.

Bail Bond asserts that its liability on the bond terminated when the appeal before the Court of Appeals was concluded. We disagree.

We first note that the bond is not part of the record before us. We do, however, have a transcript of the hearing in which the trial court considered Bail Bond's motion. At that hearing the trial court said:

> Furthermore, it's interesting to note the particular language of the bond which was filed on July 20, 1988, [and which] reads:

> The condition of this obligation is such that if said defendant shall appear at the next regular or special term of the District Court, Latah County, to be held in and for said county to answer charges of delivery of control[led] substance and shall appear from day to day and term to term of said court and shall not depart from the same without leave then this obligation shall be void else to remain in full force and effect.

Based on this portion of the bond, the trial court ruled:

The bond contemplates clearly the condition of the bond that if the defendant is, following appeal, ordered to appear before the Trial Court for further proceedings then the condition of ... the bonding company's obligation has been met, and if the defendant doesn't appear for further proceedings in the Trial Court the bond remains in full force and effect.

It seems likely that in furnishing the bond Bail Bond used the wrong form for an appellate bond and that the portion of the bond read into the record by the trial court is usually included in an appearance bond in trial court. This does not concern us, however. The record before us is what we must consider. In the absence of any other information in the record concerning the contents of the bond, we accept the trial court's characterization.

Because of this conclusion, we find it unnecessary to address whether I.C. § 19-2906 imposes a mandatory condition on all appellate bail bonds and is in conflict with the I.C.R. 46(b), which does not contain a requirement that an appeal bond continue through proceedings on remand.

## IV.

## RUPP'S ALLEGED FRAUD IN PROCURING THE APPELLATE BOND IS NOT A GROUND FOR EXONERATING THE BOND.

■ Although Bail Bond did not include this issue in the "Issues on Appeal" section of appellant's brief as required by I.A.R. 35(a)(4), Bail Bond's brief mentions Rupp's alleged fraud in obtaining the bond as a ground for exonerating the bond under I.C.R. 46(e)(4). The state includes this issue in the "Issues" section of respondent's brief and argues the merits of the issue in the respondent's brief. Although we address the issue under these circumstances, we agree with the trial court that any fraud perpetrated by Rupp on Bail Bond does not affect Bail Bond's liability on the bond.

In *Sun Valley Shopping Center v. Idaho Power,* 119 Idaho 87, 93, 803 P.2d 993,

999 (1991), the Court stated it will not review actions of the trial court not listed as one of the issues on appeal, especially where no authority is cited and the parties' briefs do not argue the issue. In *State v. Prestwich,* 116 Idaho 959, 961, 783 P.2d 298, 300 (1989), the Court considered an issue on appeal even though it was not included in the "Issues on Appeal" section of the brief. The issue was considered in cases cited in the briefs, was argued in the briefs and was part of the proceedings on remand to the trial court from a prior case decided by the Court of Appeals. Also, we note that I.A.R. 35(b)(4) allows respondent to include additional issues presented on appeal in its brief. Therefore, under the circumstances presented in this case, we will address the issue.

I.C.R. 46(e)(4) provides:

The court which has forfeited bail before remittance of the forfeiture may direct that the forfeiture be set aside, upon such condition as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.

■ The trial court has discretion whether to set aside the forfeiture of a bail bond under I.C.R. 46(e)(4). We will not overturn a decision of a trial court under this rule, unless the trial court abuses its discretion.

The Court has adopted a three-part test for examining exercise of discretion:

(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason.

*State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989) (criminal appeal); *Sun Valley Shopping Ctr. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991) (civil appeal).

The trial court ruled that Rupp's alleged fraud was not a ground for setting aside the forfeiture of the bond and denied Bail Bond's motion to exonerate the bond. In

doing so, the trial court correctly perceived the issue as one of discretion, acted within the boundaries of its discretion, and reached its decision by an exercise of reason. Therefore, we uphold the trial court's decision.

## V.

## CONCLUSION.

We affirm the trial court's denial of the exoneration the bond, and award costs on appeal to the state.

BAKES, C.J., and BISTLINE, McDEVITT and TROUT, JJ., concur.