# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 35074

| | | |
|---|---|---|
| DARREN B. HOOPER, | ) | Boise, December 2010 Term |
| | ) | |
| Appellant, | ) | 2011 Opinion No. 17 |
| | ) | |
| v. | ) | Filed: February 4, 2011 |
| | ) | |
| STATE OF IDAHO, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Payette County.  Hon. Stephen W. Drescher, District Judge.

The decision of the district court is <u>affirmed</u>.  No costs are awarded.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent.

Submitted on the briefs.

W. JONES, Justice

## I. NATURE OF THE CASE

Darren B. Hooper was ordered to pay restitution to the Idaho Industrial Commission's crime victims compensation account as part of his criminal sentence.  After this Court overturned Hooper's conviction on direct appeal, he moved to have the restitution order vacated and his previous payments refunded.  The district court vacated the order, but refused to return the payments Hooper already made, a decision he now appeals.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In July of 2004, Darren B. Hooper, Appellant, was convicted by a jury of lewd and lascivious conduct with a minor under sixteen in violation of I.C. § 18-1508.  The trial court sentenced Hooper to a prison term and required him to pay court costs and fees.  The court also ordered Hooper to pay $2500 in restitution to the Payette County Court, which would then disburse the payments to the Idaho Industrial Commission's crime victims compensation account

1

("Victims Account"). In addition to restitution, Hooper was also ordered to pay $88.50 in costs and fees.

On direct appeal, this Court vacated Hooper's conviction because the State had offered, and the district court had admitted, a videotaped interview with the child victim at trial, violating Hooper's Sixth Amendment rights to confront witnesses against him. *State v. Hooper*, 145 Idaho 139, 143–47, 176 P.3d 911, 915–19 (2007). By the time his conviction was overturned, Hooper had paid $292.87 in restitution to the district court clerk, which was then disbursed to the Victims Account.

Hooper moved to have the restitution order set aside in January of 2008. On February 1, 2008, the district court granted the motion, relieving Hooper from having to pay further restitution, but it refused to order the Industrial Commission to refund the payments Hooper had already made. The court held that Hooper would have to file a civil lawsuit against the Industrial Commission because it did not have the jurisdiction necessary to order the Commission to return the restitution payments.[1] Hooper appealed the February 1, 2008, order.[2] He seeks a refund for the restitution payments he made before this Court vacated his conviction. Hooper believes the district court incorrectly ruled that it had no subject-matter jurisdiction to issue such an order, and contends that the courts have an "inherent power" to correct their own wrongdoing. The State responds that this is actually an issue of personal jurisdiction over the Industrial Commission. It argues that, because the Industrial Commission was not a party to this criminal prosecution, the district court was powerless to order it to refund the restitution payments.

### III. ISSUE ON APPEAL

Whether the district court had personal jurisdiction over the Industrial Commission to order it to refund Hooper's restitution payments.

### IV. STANDARD OF REVIEW

---

[1] Hooper then filed a renewed motion to be reimbursed for his restitution payments, which the district court also denied. In denying the renewed motion, the court further clarified its reasoning, stating, that "as those sums have been disbursed apparently, the court has no jurisdiction and is powerless to enter an order to that effect." The court denied the motion "for want of jurisdiction over a debtor." Hooper did not appeal from this ruling on his renewed motion.

[2] The Notice of Appeal also lists a February 5, 2008, written order vacating the restitution order. This order, however, merely ends Hooper's obligation to continue paying restitution and does not address his right to a refund for past payments.

Jurisdiction, whether over the person or the subject matter, is an issue of law subject to free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004); *Matter of Hanson*, 121 Idaho 507, 509, 826 P.2d 468, 470 (1992).

## V. ANALYSIS

### A. The District Court Correctly Held That It Did Not Have Personal Jurisdiction to Order the Industrial Commission to Refund Hooper's Restitution

Hooper seeks a refund for the restitution he was ordered to pay into the Industrial Commission's Victims Account. In 1986, the Legislature enacted the Crime Victims Compensation Act, I.C. §§ 72-1001 to -1026, ch. 337, 1986 Idaho Sess. Laws 824 (1986) (the "Act"). The Act established a dedicated fund, the Victims Account, to be administered by the Idaho Industrial Commission. I.C. § 72-1009. The Commission controls the Victims Account and adjudicates applications for benefits. *Id.* § 72-1004, -1009, -1018. Crime victims, their dependents, and, in some cases, their families, may request from the Commission lost wages, medical treatment, disability benefits, and funeral expenses. *Id.* § 72-1019. The record shows that the Payette County Clerk of the District Court disbursed $292.87 in payments from Hooper to the Victims Account.

The parties agree that after this Court overturned Hooper's conviction, the district court correctly vacated Hooper's restitution award, ending his obligation to make further payments. The parties also do not dispute that the court has personal jurisdiction over Hooper.[3] The State asserts, however, that the district court was correct in finding that it lacked the personal jurisdiction over the Industrial Commission necessary to order it to return Hooper's restitution.

The district court correctly held that it had no personal jurisdiction to grant the motion. There must be personal jurisdiction over a party before a court may enter an order against it, whether in a civil or criminal case:

> Personal jurisdiction refers to the court's authority to adjudicate the claim as to the person. That a court has "jurisdiction of a party" means either that a party has appeared generally and submitted to the jurisdiction, has otherwise waived service of process, or that process has properly issued and been served on such party.

---

[3] The courts have personal jurisdiction over anyone who commits a crime in Idaho. I.C. § 18-202. The courts acquire this jurisdiction when the defendant initially appears before the court on a complaint or indictment. *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). The district court therefore acquired personal jurisdiction over Hooper at the arraignment on the indictment in his case.

*State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004) (quoting 20 Am. Jur. 2d *Courts* § 70 (1995)). Again, the Industrial Commission received Hooper's restitution payments via the district court clerk. Thus, for the court to order the Industrial Commission to return Hooper's restitution payments, the Commission must have been served properly with a summons and complaint or submitted to the court's jurisdiction. There is nothing in the record, however, to suggest that the Commission ever received notice or appeared generally in this criminal proceeding to resist Hooper's motion to refund his restitution payments. The district court therefore was correct when it ruled that it had no jurisdiction to order the Commission to return the restitution payments. *See State v. Sego*, No. 02C01-9411-CC-00244, 1995 WL 454020, at *2 (Tenn. Crim. App. Aug. 2, 1995) (unpublished opinion) (finding that the court lacked jurisdiction to refund defendant's restitution payments because the money had been disbursed to another party not before the court).

The district court lacks jurisdiction over the Industrial Commission even though it is a state agency and this is a criminal proceeding brought by the State. While county attorneys may perform executive functions, they are officers of the judicial branch. *State v. Wharfield*, 41 Idaho 14, 17, 236 P. 862, 862–63 (1925) (discussing Idaho Const. art. V, § 18 (1896)). When a county prosecutor charges a defendant in a criminal proceeding, he or she is exercising the State's inherent sovereign power to prosecute crime. *Cf. United States v. Singleton*, 165 F.3d 1297, 1300 (10th Cir. 1999) (holding that the U.S. Attorney's Office "is the alter ego of the United States exercising its sovereign power of prosecution"); *La. State Bd. of Nursing v. Gautreaux*, 39 So. 3d 806, 814 (La. Ct. App. 2010) (stating that the district attorney "exercises a portion of the sovereign power of the state"); *People v. Robinson*, 898 N.Y.S.2d 438, 440 (N.Y. Sup. Ct. 2010) (stating that the sovereign delegates to prosecutors the power to investigate and prosecute crime). County prosecutors represent the sovereign when bringing a criminal proceeding, not any individual state agency or political subdivision.

Although the State, acting through a county prosecutor, brought this criminal proceeding, the Industrial Commission was never a party to the action. Its attorneys never received notice of Hooper's motion seeking a restitution refund.

## VI. CONCLUSION

The district court was correct when it held that it lacked the personal jurisdiction necessary to order the Industrial Commission to refund Hooper's prior payments. Accordingly,

we affirm the district court's decision vacating Hooper's restitution order but refusing to refund his prior payments.  No costs are awarded.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON **CONCUR.**