**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Jamey William McKEE, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 2011.

Filed Feb. 14, 2012.

Suzanne M. Swan, Chief Public Defender and Jessica L. Herndon, Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: PANELLA, OTT, and STRASSBURGER*, JJ.

OPINION BY PANELLA, J.:

Appellant, Jamey William McKee, appeals from the order entered on June 10, 2010, in the Court of Common Pleas of Allegheny County, which denied his Petition for Return of Restitution and Court Costs/Fees. On appeal, McKee argues that the trial court erred when it determined it was without jurisdiction to return the restitution and court costs McKee paid following this Court's order reversing McKee's judgment of sentence.[1] After review, we reverse and remand with instructions.

We set forth the pertinent facts and procedural history as follows. Following a non-jury trial, on May 22, 2008, McKee was convicted of burglary,[2] criminal conspiracy to commit burglary,[3] and theft by unlawful taking.[4] On July 25, 2008, the trial court sentenced McKee to six to 23 months imprisonment, to be followed by one year probation. The trial court stipulated that McKee was to be paroled immediately and placed on intermediate punishment for the remainder of parole. See Order, 7/25/08. Additionally, the trial court ordered McKee to pay $500.00 restitution plus costs of prosecution. See Restitution Order, 7/25/08.

On August 25, 2008, McKee filed a timely appeal with this Court. By memorandum opinion filed March 5, 2010, a panel of this Court overturned McKee's convictions based on insufficient evidence and reversed his judgment of sentence. See Commonwealth v. McKee, 996 A.2d 549 (Pa.Super.2010) (unpublished mem.). The Commonwealth did not seek discretionary review with the Pennsylvania Supreme Court.

Subsequent thereto, on April 12, 2010, McKee filed a Petition for Return of Restitution and Court Costs/Fees.[5] Therein, McKee argued that as this Court reversed his judgment of sentence, the lower court's order of restitution was nullified and that the court costs and money paid to the victim should be returned to McKee. See Petition for Return of Restitution and Court Costs/Fees, 4/12/10, at ¶¶ 11–12. Following a hearing, the trial court denied McKee's Petition on the basis that it did "not have the authority to exercise jurisdiction over the matter at issue." Order, 6/10/10. This timely appeal followed.

■■■ In the context of criminal proceedings, it is well-settled that "an order of

---

* Retired Senior Judge appointed to the Superior Court.

1. McKee erroneously indicates that he appeals from the entry of judgment of sentence. We have amended the caption accordingly.

2. 18 Pa. Cons.Stat.Ann. § 3502(c)(1).

3. 18 Pa. Cons.Stat.Ann. § 903.

4. 18 Pa. Cons.Stat.Ann. § 3921(a).

5. The record was returned to the lower court on April 13, 2010.

'restitution is not simply an award of damages, but, rather, a sentence.'" *Commonwealth v. Atanasio*, 997 A.2d 1181, 1182–1183 (Pa.Super.2010) (*citing Commonwealth v. C.L.*, 963 A.2d 489, 494 (Pa.Super.2008)). Herein, McKee argues that this Court's order reversing his judgment of sentence rendered the trial court's order of restitution a nullity. "An appeal from an order of restitution based upon a claim that a restitution is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing." *Id.*, at 1183 (*citing Commonwealth v. Redman*, 864 A.2d 566, 569 (Pa.Super.2004), *appeal denied*, 583 Pa. 661, 875 A.2d 1074 (2005)). "When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law." *Commonwealth v. Pombo*, 26 A.3d 1155 (Pa.Super.2011) (citation omitted).

In its opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court referenced the Idaho Supreme Court's decision in *Hooper v. Idaho*, 150 Idaho 497, 248 P.3d 748–49 (2011). In that case, Hooper was convicted of various offenses and ordered to pay $2,500 in restitution to the Payette County Court, which would in turn forward the payments to the Idaho Industrial Commission's crime victim's compensation account. *See id.* at 749. After Hooper's convictions were overturned on appeal, Hooper moved to have the Industrial Commission refund his payments to the restitution order. *See id.* at 750. Ultimately, the Idaho Supreme Court determined that the lower court did not have personal jurisdiction to order the Industrial Commission to refund Hooper's restitution. *See id.* at 750–751.

■ Although we agree with the trial court that there appears to be no Pennsyl-

vania case that is directly on point in this matter, we disagree that the decision of the Idaho Supreme Court in *Hooper* provides us with any guidance.[6] Several Pennsylvania decisions, while not directly on point with the facts of this case, support the authority of the trial court to order the return of restitution erroneously paid. *See, e.g., Commonwealth v. Langston*, 904 A.2d 917 (Pa.Super.2006) (ordering return of restitution money paid to the Crime Victim's Compensation Fund where the decedent's son was not a direct victim for restitution purposes under Section 1106 of the Crimes Code); *Commonwealth v. Wozniakowski*, 860 A.2d 539 (Pa.Super.2004), *appeal denied*, 583 Pa. 662, 875 A.2d 1075 (2005) (holding that proper remedy for trial court's illegal open-ended award of restitution was for trial court to order the victim to return to appellant any money paid).

We additionally find no impediment to the trial court's jurisdiction over this matter. We are cognizant that at first blush, any modification of the original restitution order would appear to violate Section 5505 of the Judicial Code, which provides that: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 PA. CONS.STAT. ANN. § 5505. However, as noted by our Supreme Court in *Commonwealth v. Dietrich*, 601 Pa. 58, 970 A.2d 1131 (2009), Section 1106(c)(3) of the Crimes Code authorizes a sentencing court to modify restitution orders *at any time* provided the court states its reasons as a matter of record. *See id.* at 65, 970 A.2d at 1135

6. The decisions of the Idaho Supreme Court are not, of course, precedential to the courts of this Commonwealth.

*(citing* 18 PA. CONS.STAT.ANN. § 1106(c)(3)).[7] The Court in *Dietrich* further determined that "Section 1106(c)(3)'s broad language indicates a legislative intent that courts have jurisdiction to modify restitution orders *at any time* without regard to when information should have been present for consideration." *Id.* at 65–66, 970 A.2d at 1135 (emphasis added). Based on the forgoing, we are constrained to find the trial court erred when it determined that it was without jurisdiction to modify its restitution order.

 Moreover, we find adequate authority in Rule 2591 of the Pennsylvania Rules of Appellate Procedure to enable the trial court to refund, if appropriate, court fees and costs. That rule provides, in pertinent part:

> **Rule 2591. Proceedings on Remand**
> **(a) General rule.** *On remand of the record the court* or other government unit below *shall proceed in accordance with the judgment or other order of the appellate court* and, except as otherwise provided in such order, Rule 1701(a) (effect of appeals generally) shall no longer be applicable to the matter.

Pa.R.A.P., Rule 2591 (emphasis added). Although the memorandum opinion filed by the Superior Court panel on March 5, 2010, did not specifically state that the record was to be remanded to the trial court, when no petition for allowance of appeal was filed with the Supreme Court, the docket entries clearly reflect that the record was remanded to the trial court on April 12, 2010, in accordance with Rule 2571. Therefore, the trial court had jurisdiction to address the Petition for Return of Restitution and Court Costs/Fees filed the same day.

Accordingly, we reverse the trial court's order denying McKee's Petition for Return of Restitution and Court Fees/Costs. As we did in *Commonwealth v. Wozniakowski,* 860 A.2d at 546, "[w]e remand so as to allow the trial court the opportunity to direct such repayment." Additionally, we direct the trial court to state its reasons for so ordering of record, in accordance with the dictates of Section 1106(c)(3).

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

---

7. Section 1106(c)(3) states:

The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.