J. S33006/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ESTATE OF LITE BELESKY, | : | No. 2218 EDA 2012 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered June 29, 2012,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0604741-2006

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND STABILE, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:**FILED DECEMBER 08, 2014**

Appellant, the Estate of Lite Belesky ("the Estate"),[1] appeals the order

enforcing a sentence of restitution by garnishing funds from a structured

settlement of which the deceased defendant below was a beneficiary.

Finding no error, we affirm.

The trial court's opinion accurately related the factual and procedural

history:

> On February 8, 2007, [the deceased] was
> sentenced to 2 1/2 to 6 years incarceration, 8 years
> consecutive probation, and restitution in the amount
> of $168,319.03 after pleading guilty to theft by
> deception and criminal conspiracy arising out of a
> theft by deception scheme that [the deceased] and
> his mother, Janet Belesky, perpetrated against the
> complainant, 74 year old Jeanne Sherman, between

---

[1] The defendant in this criminal case, Lite Belesky, died during the pendency
of this appeal, and the Estate was substituted to represent his interests.

March 22, 2005 and February 22, 2006. In addition to the sentence, as a condition, the sentencing judge ordered that proceeds due [the deceased] from previous litigation were to be garnished for restitution, payable to the complainant or her estate in the event of her demise. To date, according to the motion, [the deceased] has paid $679.21 toward his restitution. The last payment was made on March 8, 2010 in the amount of $14.82. On March 30, 2012, the Commonwealth filed a motion for garnishment of [the deceased's] $75,000 structured settlement payment through Genworth Financial, Inc.

[The deceased] submitted a response conceding that this Court has jurisdiction over restitution, but, that because there is no statute specific to this situation, civil law should govern. He therefore argues that the garnishment of [the deceased's] settlement funds is prohibited by the Structured Settlement Protection Act, 40 P.S. §4003(a). The Commonwealth responded with a memorandum of law opposing [the deceased's] interpretation and arguing that the criminal court has jurisdiction over matters of restitution. On June 29, 2012, following a hearing, and upon consideration of the submissions of both counsel, the record and case law, the Court granted the Commonwealth's motion and ordered that the $75,000.00 structured settlement payment due [the deceased] be placed into an escrow account pending appeal, instructing that no deposits, withdrawals, transfers or transactions other than interest accrual take place without a written order from the Court. This appeal followed.

Opinion, 12/31/12 at 1-2.

The Estate raises the following issues on appeal:

I.    Is the [deceased] entitled to an arrest of judgment with regard to the Restitution By Garnishment Order where the Commonwealth failed to prove entitlement to such an Order

when the Commonwealth failed to prove that a structured settlement is exempt from garnishment; that a corpus emanating from a Minor's Compromise can be garnished; and where there is a lack of jurisdiction to proceed in a criminal courtroom?

II.    Is the [deceased] entitled to an arrest of judgment on the Order Directing Restitution via Garnishment, where the Order is not supported by any Pennsylvania statute or case law, and where the existing statutory laws would hold that such an Order is barred and unlawful?

III.   Is the [deceased] entitled to an arrest of judgment and a quash of the garnishment ordered as the Court had no legal authority to order the garnishment to come from a fund which merely reimbursed the [appellant] for losses sustained?

The Estate's brief at 3.

We begin our analysis with our standard of review:

"An appeal from an order of restitution based upon a claim that a restitution is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing." [**Commonwealth v. Atanasio**, 997 A.2d 1181 (Pa.Super.2010)], at 1183 ( citing **Commonwealth v. Redman**, 864 A.2d 566, 569 (Pa.Super. 2004), **appeal denied**, 583 Pa. 661, 875 A.2d 1074 (2005)).  "When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law." **Commonwealth v. Pombo**, 26 A.3d 1155 (Pa.Super. 2011) (citation omitted).

**Commonwealth v. McKee**, 38 A.3d 879, 881 (Pa.Super. 2012).  Moreover,

claims that restitution was entered without authority or without jurisdiction

- 3 -

likewise challenge the legality of the sentence. ***Commonwealth v. Dietrich***, 970 A.2d 1131, 1133 (Pa. 2009).

The Estate first challenges the jurisdiction of the trial court to enter an order of garnishment. Essentially, it is arguing that the trial court, sitting as a criminal court, was without authority to enter a civil remedy of garnishment.

We disagree with the Estate's underlying assumption that the court's action here constituted a civil garnishment; rather, it constituted the enforcement of a criminal sentence of restitution. Garnishment was merely the terminology chosen by the Commonwealth in its motion, and subsequently employed by the trial court, undoubtedly because the action was similar to the civil proceeding of garnishment. However, in reality, the action of the trial court here was to order the seizure of the deceased's assets in order to satisfy the sentence of restitution. Our statutes clearly authorize the criminal court to seize potential restitution assets:

> **(e) Preservation of assets subject to restitution.**--Upon application of the Commonwealth, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond or take any other action to preserve the availability of property which may be necessary to satisfy an anticipated restitution order under this section:

42 Pa.C.S.A. § 9728(e), in pertinent part.[2]

Simply stated, the trial court's action was not a civil garnishment proceeding, but simply a lawful seizure of restitution assets for which it had full jurisdiction to undertake. As noted by the Commonwealth, "restitution can only be enforced by the criminal court." ***Commonwealth v. Pleger***, 934 A.2d 715, 720 (Pa.Super. 2007).

The Estate next argues that this transfer of funds violates the Structured Settlement Protection Act ("SSPA"), 40 P.S. §§ 4001-4009. Specifically, it indicates those provisions of the SSPA that require a petition by the payee of the structured settlement to transfer such funds and court approval of such transfer.

First, the court's action here does not qualify as a "transfer" as defined under the SSPA:

> "Transfer." Any direct or indirect sale, assignment, pledge, hypothecation or other form of alienation, redirection or encumbrance made by a payee for consideration, provided, however, that this shall not apply to a blanket security agreement used to secure a loan originating from a Federal or State chartered lending institution. Any transfer made or agreed to under this act shall be considered to be a consumer transaction.

---

[2] Although this statute is drafted in terms anticipating an award of restitution, we find that it also supports the same preservation actions following the award of restitution, as here.

40 P.S. § 4002, in pertinent part. The transfer here was not for consideration but, rather, was a seizure of assets. Thus, it is not a transfer governed by the SSPA.

Second, the purpose of the SSPA clearly is to protect the injured beneficiaries of structured settlements from being preyed upon by unscrupulous parties who might try to obtain the beneficiary's right to payment by an offer of inadequate consideration. ***See In re Benninger***, 357 B.R. 337, 351 (Bkrtcy.W.D.Pa. 2006). The SSPA was not intended to protect the assets of convicted criminals from being seized to give restitution to their injured victims.

Third, to the extent that the SSPA requires court approval of the "transfer," the court below specifically approved the seizure of these funds.

Next, the Estate claims that pursuant to Pa.R.C.P., Rule 3123.1, 42 Pa.C.S.A., it may claim an exemption from attachment of certain types of property which includes accident and disability insurance.[3] The Rules of Civil Procedure have no authority whatsoever in a criminal proceeding. The Estate's argument is again predicated on the initial confusion caused by the Commonwealth titling its original motion as one seeking garnishment. The motion actually constituted a motion to seize restitution assets under 42 Pa.C.S.A. § 9728(e) and is a criminal rather than civil proceeding. The

---

[3] The deceased's structured settlement apparently arose out of an insurance policy of which he was the beneficiary.

Estate cannot rely upon a Rule of Civil Procedure to avoid the seizure of restitution assets in a criminal proceeding.

Finally, the Estate baldly asserts that the assets cannot be seized because they were compensatory damages intended to make the defendant whole. The Estate cites to no case or statute to support a finding that compensatory damages are not subject to seizure for restitution. "[W]aiver of an issue results when an appellant fails to properly develop an issue or cite to legal authority to support his contention in his appellate brief." **Commonwealth v. Cox**, 72 A.3d 719, 721 n.3 (Pa.Super. 2013). Consequently, we regard this issue as waived.

Accordingly, having found no merit in the Estate's arguments on appeal, we will affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2014