# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45449

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DILLON GRANT GIBSON, | ) | Boise, August 2018 Term |
| | ) | |
| Defendant, | ) | Filed: November 29, 2018 |
| | ) | |
| and | ) | Karel A. Lehrman, Clerk |
| | ) | |
| JUDY LUIS, individually, | ) | |
| | ) | |
| Surety/Real Party in Interest-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Hon. Bruce L. Pickett, District Judge.

The order of the district court is <u>reversed</u>.

Blaser, Oleson & Lloyd, Chartered, Blackfoot, for appellant. Michael A. Pope argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

BRODY, Justice.

This appeal arises from the district court's denial of a motion to exonerate a cash deposit posted as bail. Dillon Gibson was arrested for vehicular manslaughter and leaving the scene of an accident. His mother, Judy Luis, posted a cash deposit and a property bond that collectively enabled Gibson's release on bail. After he pleaded guilty to felony vehicular manslaughter, but before sentencing, Gibson was alleged to have violated his conditions of release. He was arrested on a bench warrant, remanded to custody, and informed by the district court that additional bail would be required and that the previous bail amount would not be forfeited. Following

sentencing, Luis moved for release of the cash deposit, asserting that it should have been exonerated when Gibson was remanded to custody. The district court denied the motion and directed the clerk of the court to apply the cash deposit against Gibson's fine, costs, and restitution obligations pursuant to Idaho Code section 19-2908. Luis timely appealed. We reverse the district court's order but deny Luis's request for attorney's fees and costs.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Gibson drove drunk and crashed into a home, killing a resident. The State charged Gibson with one felony count of vehicular manslaughter and leaving the scene of an accident. Given Gibson's prior record, the State initially requested a bail amount of $500,000, which the magistrate court granted. The magistrate court later reduced the bail amount to $240,000. Thereafter, Luis posted a cash deposit of $50,000 and a property bond for the remaining $190,000, guaranteeing Gibson's appearance in court when required. The magistrate court accepted Luis's undertaking and entered an order for Gibson's release on bail with conditions.

Gibson subsequently pleaded guilty to felony vehicular manslaughter, and the State agreed to dismiss the other charges. About six weeks later, before sentencing had occurred, the State moved to revoke Gibson's release pursuant to Idaho Code section 19-2919, alleging that Gibson had admitted to violations of his conditions of release by drinking alcohol and using methamphetamine. The district court granted the State's motion and ordered a warrant issued for Gibson's arrest.

Gibson was arrested pursuant to the warrant. The next day, the magistrate court held a brief hearing where the court informed Gibson that it was ordering additional bail in the amount of $100,000 and that the previously posted bail would not be forfeited (the correct term is actually "exonerated"; "forfeiture" of bail occurs when the defendant has failed to appear as ordered). Gibson was remanded to custody and remained there until his sentencing hearing.

About a month after he was remanded to custody, Gibson was sentenced to serve a term of fifteen years with three years fixed. The district court entered a judgment of conviction. Within the judgment, Gibson was ordered to pay a fine of $1,000 and court costs of $275.50. The district court also ordered exoneration of the property bond Luis posted, but declared that the cash deposit would be retained until resolution of the restitution issue.

Gibson and the State subsequently stipulated to a restitution amount of $300,000. The day the stipulation was filed, Luis, through Gibson's counsel, moved for the "release" of the cash

deposit (again, it is called "exoneration" under Idaho Code section 19-2905(8)). The district court denied Luis's motion and ordered the clerk of the court to apply the cash deposit against any fines, court costs, and restitution pursuant to Idaho Code section 19-2908. The district court later entered an order of restitution consistent with the parties' stipulation. Luis timely appealed.

## II. STANDARD OF REVIEW

Statutory interpretation is a question of law over which the Court exercises free review. *State v. Boren*, 156 Idaho 498, 499, 328 P.3d 478, 479 (2014).

## III. ANALYSIS

### A. The district court erred when it denied Luis's motion because the cash deposit should have been exonerated when Gibson's bail was revoked and he was recommitted to custody.

This dispute involves various provisions of the Idaho Bail Act. In Idaho, defendants are entitled to bail as a matter of right, subject to the limitations set forth by Idaho Code section 19-2903. *See also* Idaho Const. art. I, § 6. "Admission to bail is the order of a competent court that the defendant shall be released from actual custody of the sheriff upon posting bail." I.C. § 19-2906. When releasing a defendant on bail, the court has discretion to impose "conditions of release." I.C. § 19-2904. The term "'conditions of release' means any reasonable restrictions, conditions or prohibitions placed upon the defendant's activities, movements, associations or residences by the court, excluding the court order requiring the defendant to appear in court." I.C. § 19-2905(7).

Idaho Code section 19-2919 provides the procedural requirements for the revocation of bail arising from the defendant's violation of conditions of release and reads, in part:

> Upon its own motion or upon a verified petition alleging that the defendant willfully violated a condition of release, the court may issue a bench warrant directing that the defendant be arrested and brought before the court for a bail revocation hearing, or the court may order the defendant to appear before the court at a time certain.

I.C. § 19-2919(1); *accord* I.C.R. 46(i)(1). At a bail revocation hearing, if the court finds that the defendant willfully violated a condition of release, "the court may revoke the bail and remand the defendant to the custody of the sheriff." I.C. § 19-2919(1); *accord* I.C.R. 46(i)(2). At any time after such a hearing, "the court may reset bail in the same or a new amount and impose conditions of release." I.C. § 19-2919(1); *accord* I.C.R. 46(i)(1), (j). In other words, it is left to the court's discretion whether to allow the defendant to post new bail after he has been

3

recommitted following a violation of the conditions of release. I.C. 19-2903(4); *see also* I.C. § 19-2905(13) ("'Readmittance to bail' means an order of the court allowing the defendant to post new bail following an order of revocation.").

Here, the State filed a motion and affidavit alleging Gibson violated his conditions of release and admitted those violations. The same day the motion was filed, the district court entered an order revoking Gibson's release and directing the issuance of a bench warrant:

> The Court having before it the Plaintiff's Motion to Revoke Release and the accompanying Affidavit of Danyett Cloward, and good cause appearing:
> THEREFORE, IT IS HEREBY ORDERED, that the defendant's release be revoked and a warrant be issued for his arrest.

Gibson was then arrested and appeared before the magistrate court the next morning. The minute entry for that hearing reflects that the magistrate court ordered that the bail amount be increased by $100,000 and that Gibson be remanded to custody in lieu of the additional bail money:

> Bond will be set at $100,000.00 cash or surety in addition to the previously posted bond and that bond previously posted would not be forfeited. Defendant was remanded to the custody of the Bingham County Sheriff's Department in lieu of bond $100,000 cash or surety.

Gibson remained in custody until sentencing and is now serving his prison sentence.

Much of Luis's briefing on appeal focuses on arguments that the procedural requirements of the Idaho Bail Act were not followed by the magistrate court or district court in revoking Gibson's bail. Regardless of any procedural missteps that might have occurred, what is important for purposes of this appeal is the inescapable conclusion that Gibson's bail was actually revoked and he was recommitted to custody prior to sentencing. When bail is revoked and a defendant is recommitted, a trial court must exonerate any bail that has been posted. I.C. § 19-2922(6). Section 19-2922(6) states:

> The court *shall* order the bail exonerated in the following circumstances:
>
> * * *
>
> (6) the court has revoked bail and has ordered that the defendant be recommitted.

I.C. § 19-2922(6) (emphasis added).

The State argues that upon Gibson's recommitment, the magistrate court chose to neither exonerate nor forfeit the previously posted bail, and that therefore the $50,000 cash posted by Luis remained on deposit at the time of sentencing. This argument is contrary to the unambiguous mandatory language in section 19-2922(6). The statute unequivocally states that

4

the court "*shall* order the bail exonerated" when a defendant's bail has been revoked and he has been recommitted. *See Rangen, Inc. v. Idaho Dep't of Water Res.*, 160 Idaho 251, 256, 371 P.3d 305, 310 (2016) ("When used in a statute, the word 'may' is permissive rather than the imperative or mandatory meaning of 'must' or 'shall.'" (quoting *Rife v. Long*, 127 Idaho 841, 848, 908 P.2d 143, 150 (1995))); *State v. Tribe*, 123 Idaho 721, 726, 852 P.2d 87, 92 (1992) ("This Court repeatedly has construed the word 'shall' as being mandatory, not discretionary.").

In rejecting Luis's position, the district court noted that she had not requested the exoneration of the cash deposit at the time Gibson was remanded to custody. The State asserts a similar idea on appeal with argument that the relevant statutes do not allow for a party to seek "retroactive revocation of [a] bond." Nothing in the Idaho Bail Act imposes an affirmative requirement on parties to request exoneration of posted bail upon the defendant's recommitment. Exoneration of the bond is mandatory at the time bail is revoked and the defendant is recommitted. While the trial court has discretion to "readmit" the defendant to bail pursuant to Idaho Code section 19-2919(2), the readmission occurs only after the original bail is exonerated.

The State also argues that most of Luis's arguments (including her citation to Idaho Code section 19-2922(6)) are novel on appeal, citing to *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). The State's contention is overreaching. It is true that we limit our review to evidence, theories and arguments that were presented below. The purpose of this limitation is so that there are no unfair surprises to opponents and the trial courts can rule, thus forming a justiciable issue. We also recognize, however, that specific arguments in support of a position may evolve and receive additional support on appeal. *Ada Cnty. Highway Dist. v. Brooke View, Inc.*, 162 Idaho 138, 142 n.2, 395 P.3d 357, 361 n.2 (2017). That is what happened here. Luis has consistently asserted that the courts below erred by failing to exonerate the posted bail when Gibson was remanded to custody. Luis has also argued throughout the proceedings that these errors negated any applicability of section 19-2908. Luis offers support for the same arguments on appeal by citing to additional statutes under the Bail Act and their complementary provisions under Rule 46 of the Idaho Criminal Rules. The substantive issue she raised with the district court has been preserved and is not negated by her use of additional statutory support.

In light of the foregoing, the district court's failure to exonerate the cash deposit and its subsequent decision to apply the cash deposit against Gibson's outstanding restitution obligation

constituted error. That being the case, the district court's denial of Luis's motion is reversed and the case remanded with instructions to exonerate the cash deposit.

### B. There is no legal basis for an award of attorney's fees or costs.

Luis requests an award of attorney's fees on appeal pursuant to Idaho Code section 12-117 and Idaho Appellate Rules 35(a)(5) and 41(a). She also seeks an award of reasonable costs pursuant to Appellate Rule 40. The State responds that section 12-117 is inapplicable to this appeal, and that therefore Luis's requests are frivolous.

The statute provides, in relevant part:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

I.C. § 12-117(1). We agree with the State that section 12-117 is inapplicable, but do not find that Luis's request is frivolous.

First, section 12-117 applies only to an enumerated category of proceedings: "any administrative proceeding, administrative judicial proceeding, civil judicial proceeding or petition for judicial review," or any appeal therefrom. I.C. § 12-117(6)(d). A forfeiture of third-party bond money or property followed by a denial of a motion to exonerate falls within the "civil judicial proceeding" category of section 12-117. Bail forfeitures always stem from a criminal proceeding and are guided by Idaho Criminal Rule 46, however they are essentially a civil proceeding. Other states with similar bond forfeiture rules have also concluded that these proceedings are civil in nature. *See State ex rel. Moore Cnty. Bd. of Educ. v. Pelletier*, 168 N.C. App. 218, 221–22, 606 S.E.2d 907, 909 (2005) ("due to the nature and function of a bond, it stands to reason that a bond forfeiture proceeding, while ancillary to the underlying criminal proceeding, is a civil matter."); *see also People v. Taylor*, 2013 IL App (2d) 110577, ¶¶ 25-27, 985 N.E.2d 648, 652–53; 847 So. 2d 1268; *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016); *Bankers Ins. Co. v. State*, 37,080 (La. App. 2 Cir. 4/11/03), 843 So. 2d 641, 644, *writ denied*, 2003-1240 (La. 6/27/03), *State v. Toth*, 2008 MT 404, ¶¶ 22-24, 347 Mont. 184, 190–91, 197 P.3d 1013, 1017.The civil nature of bail exonerations is illustrated in *State v. Rupp*, where a bail bondsman's motion to exonerate a forfeited bond under Idaho Criminal Rule 46 was denied. 123 Idaho 1, 1–2, 843 P.2d 151, 151–52 (1992). On appeal of the denial, the State argued that

6

there was no final order that could properly be appealed from, meaning there was no jurisdiction for the Court to hear the appeal. *Id.* This Court disagreed and held that "[t]he trial court's order denying exoneration of the bond in this case was a final order in a *civil* action within the scope of I.A.R. 11(a)(1)." *Id.* (emphasis added). Therefore, the request for an exoneration of bond by a surety is a proceeding under section 12-117, because it properly fits the definition of a "civil judicial proceeding" in section 12-117(6)(d).

Additionally, Article Five, section I of the Idaho Constitution necessitates that bond exonerations be characterized as civil actions rather than criminal. Section 1 mandates that all "enforcement or protection of private rights or the redress of private wrongs" be denominated as civil actions, whereas criminal actions are only "action[s] prosecuted by the people of the state as a party, against a person charged with a public offense, for the punishment of the same". IDAHO CONST. art. V, § 1. A third-party seeking to exonerate a bond under Idaho Criminal Rule 46(k)(1) is not being prosecuted by the State for a public offense, but is instead a person attempting to protect private rights. Therefore, exonerations, or the denial thereof, of bond money by a surety necessarily are classified as civil actions.

Next, Idaho Code section 12-117 requires that Luis, as an individual person, be an adverse party against either a state agency or a political subdivision. The statute defines state agencies as any agency defined by Idaho Code section 67-5201. I.C. § 12-117(6)(f). Subsection (2) of that statute provides:

> "Agency" means each state board, commission, department or officer authorized by law to make rules or to determine contested cases, but does not include the legislative or judicial branches, executive officers listed in section 1, article IV, of the constitution of the state of Idaho in the exercise of powers derived directly and exclusively from the constitution, the state militia or the state board of correction.

I.C. § 67-5201(2). Cities, counties, taxing districts, and health districts are considered political subdivisions under section 12-117(1). I.C. § 12-117(6)(d).

Luis argues that the Bingham County Prosecuting Attorney's involvement below sets him—individually—as an adverse party appropriate for purposes of section 12-117(1). Precedent from this Court undermines this argument. Namely, in *Hooper v. State*, we rejected the idea that a county prosecutor qualifies as either a state agency or political subdivision. 150 Idaho 497, 500, 248 P.3d 748, 751 (2011). Although that holding came outside of the specific context of section 12-117, its logic equally applies here. First, county prosecutors are officers of the judicial branch, which are excluded from the definition of a state agency. *Hooper*, 150 Idaho at 500, 248

7

P.3d at 751 (citing *State v. Wharfield*, 41 Idaho 14, 17, 236 P. 862, 862–63 (1925)); *see also* IDAHO CONST. art. V, § 18. Second, when prosecuting crime, a county prosecutor is representing the State and its inherent sovereign power to do precisely that. *Hooper*, 150 Idaho at 500, 248 P.3d at 751. Given this, the prosecutor is not a political subdivision of the State and section 12-117 does not apply. *Id.*

As for costs, Rule 40 authorizes such an award to a prevailing party on appeal unless otherwise provided by law or order of the court. I.A.R. 40(a). This Court has held that "[c]osts are allowed against the state only where provided by statute, either expressly or by necessary implication." *State v. Thompson*, 119 Idaho 67, 70, 803 P.2d 973, 976 (1989) (quoting *Chastain's Inc. v. State Tax Comm'n*, 72 Idaho 344, 350, 241 P.2d 167, 170 (1952)). Because section 12-117 does not apply to this case, Luis is not entitled to any costs.

## IV.    CONCLUSION

In light of the foregoing, the district court's order denying Luis's motion is reversed and remanded with instructions to exonerate the cash deposit.


Chief Justice BURDICK, and Justices HORTON, BEVAN, and STEGNER CONCUR.