J. S34043/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALLEN MICHAEL JOHNSON, | : | No. 25 MDA 2020 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered November 27, 2019,
in the Court of Common Pleas of Franklin County
Criminal Division at No. CP-28-CR-0000581-2018

BEFORE:  PANELLA, P.J., BENDER, P.J.E. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED SEPTEMBER 08, 2020**

Allen Michael Johnson appeals the November 27, 2019 judgment of sentence, entered in the Court of Common Pleas of Franklin County, after a jury convicted him of eleven counts of receiving stolen property.[1]  Appellant was sentenced to an aggregate term of three to nine years' imprisonment, restitution of $42,870 to the victim and $2,500 to Westfield Insurance, and a concurrent term of five years' probation.  After careful review, we vacate the sentence of restitution and remand for reconsideration of the restitution issue.

The facts, as summarized by the trial court, are as follows:

> [Appellant's] charges[2] stemmed from [the] burglary
> of Richard Wright's ("Wright") Firearm Sales located

---

[1] 18 Pa.C.S.A. § 3925(a).

[2] At trial, appellant was charged with 103 criminal offenses which related to the burglary.

> in Letterkenny Township, Franklin County, Pennsylvania, overnight on April 2-3, 2017. [On t]he morning of April 3, Wright found that forty-eight long guns were missing from his shop.
>
> Shortly thereafter, Trooper Jeremy Holderbaum of the Pennsylvania State Police (["]PSP["]) became aware that an individual named Tim McMullen ("McMullen") offered long guns for sale on Facebook that matched the make, model, and caliber of the stolen guns. The PSP ultimately confirmed that nine weapons recovered from McMullen were indeed among those stolen from Wright. Investigators determined that McMullen purchased the guns from [appellant].
>
> On May 26, 2017, [appellant]'s brother, Rodney "Jay" Johnson, was charged in Fulton County in connection with a sale he made of some of the stolen weapons. Following his arrest, Jay claimed [appellant] was the one who made the sale. . . . [Appellant] was subsequently charged and brought to trial as well, where he testified in his defense. He testified he did not know the guns were stolen when he arranged the sale to McMullen, and only found out in late April of 2017, when Jay confessed to stealing them.

Trial court Rule 1925(a) opinion, 2/20/20 at 2-3.

On October 24, 2019, the jury convicted appellant of eleven counts of receiving stolen property.[3] The following sentence was imposed by the trial court on November 27, 2019:

> . . . 12 to 36 months' imprisonment in a state correctional facility for Count 54--receiving stolen property--with credit for time previously served from February 20, 2018, to February 25, 2018; 12 to 36 months' imprisonment for Count 55—receiving stolen property—to run consecutively with Count 54; 12 to 36 months' imprisonment for Count 56—

---

[3] The counts of receiving stolen property are Counts 54-64 of the information. In imposing sentence, the trial court referred to these counts by number.

> receiving stolen property—to run consecutively with Count 55; and 60 months' probation for each of Counts 57-63 [sic] [4]—receiving stolen property—to run concurrently with Count 54.

*Id.* at 3 (extraneous capitalization omitted). In addition, at Count 54, the trial court ordered appellant to pay restitution in the amount of $42,870 to the victim and $2,500 to Westfield Insurance. (*See* sentencing order, 11/27/19 at Count 54.) No post-sentence motions were filed. Appellant filed a timely appeal. On January 2, 2020, the trial court directed appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. Thereafter, the trial court filed its Rule 1925(a) opinion.

The sole issue appellant raises on appeal is the following:

> Wheher [sic] appellant's sentence of $42,870 in restitution is illegal when the restitution amount ordered was made part of appellant's sentence, and the record does not support a finding that appellant's conduct was a direct link in causing the loss which comprises the restitutionary amount so ordered?[5]

Appellant's brief at 5 (full capitalization omitted). Appellant argues his sentence of restitution was illegal because there was no causal connection between the amount of the restitution and the crimes for which appellant was convicted. (*See* appellant's brief at 6-8, 11-12.)

---

[4] This appears to be a typographical error as appellant was sentenced at Counts 54-64.

[5] We note that appellant only challenges the restitution order with respect to the victim, not Westfield Insurance.

"[A]n order of restitution is not simply an award of damages, but rather a sentence." ***Commonwealth v. McKee***, 38 A.3d 879, 880-881 (Pa.Super. 2012) (quotations and citations omitted).

> [A]n appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. Accordingly, the determination as to whether the trial court imposed an illegal sentence is a question of law . . . , [t]hus our standard of review is ***de novo*** and our scope of review is plenary.

***Commonwealth v. Hunt***, 220 A.2d 582, 585 (Pa.Super. 2019) (citations and quotation marks omitted). Furthermore, "where restitution is imposed in addition to a statutory punishment, such as imprisonment, the order must be strictly scrutinized since its purpose is primarily punitive." ***Id.*** at 588.

In the instant case, the trial court imposed restitution as part of appellant's direct sentence, pursuant to 18 Pa.C.S.A. § 1106. (***See*** sentencing order, 11/27/19 at Count 54; trial court Rule 1925(a) opinion, 2/20/20 at 15.) With regard to restitution for injuries to property, the Pennsylvania Crimes Code provides that

> [u]pon conviction for any crime wherein . . . property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime . . . the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S.A. § 1106(a)(1). In addition, "[a]t the time of sentencing the court shall specify the amount and method of restitution." 18 Pa.C.S.A.

§ 1106(c)(2). "Restitution may be imposed only for those crimes to property or person where the victim suffered a loss that flows from the conduct that forms the basis of the crime for which the defendant is held criminally accountable." *Commonwealth v. Pappas*, 845 A.2d 829, 842 (Pa.Super. 2004) (citation omitted), *appeal denied*, 862 A.2d 1254 (Pa. 2004).

Injury to property, for purposes of restitution, is defined as "[l]oss of real or personal property, . . . or decrease in its value, directly resulting from the crime." 18 Pa.C.S.A. § 11069(h). Therefore,

> restitution is proper only if there is a direct causal connection between the crime and the loss. The sentencing court applies a "but for" test in imposing restitution; damages which occur as a direct result of the crimes are those which would not have occurred but for the defendant's criminal conduct.

*Commonwealth v. Poplawski*, 158 A.3d 671, 674 (Pa.Super. 2017) (citations omitted).

Here, appellant was only convicted of receiving stolen property,[6] to-wit, eleven long guns. There were forty-eight guns stolen, and eleven guns were recovered by the PSP. (*See* trial court Rule 1925(a) opinion, 2/20/20 at 2, 16-17.) Forty guns were missing, at an approximate cost of $45,000, and the court ordered restitution of $42,870 to the victim and $2,500 to the insurance

---

[6] A person commits the offense of receiving stolen property if he "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed of with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a).

company. (*Id.* at 16-17.) The trial court acknowledges that it erred because there was no causal connection between the total loss sustained by the victim and the actual loss, if any, caused by appellant.[7] (*Id.* at 17.) We concur and, therefore, find that the trial court erred in imposing an order of restitution in the total amount of $45,370.

Judgment of sentence vacated. Case remanded for resentencing in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/08/2020

---

[7] Further, we note that "[t]he Commonwealth adopts the sound reasoning of the trial court in its' 1925(b) opinion regarding restitution . . ." Commonwealth's brief at 4.